*J. M. La Rue* and *S. A. Huff*, for appellee.

---

THE BOARD OF COMMISSIONERS OF MIAMI COUNTY *v*. HOCH-
STETTER.

DEFECTIVE COMPLAINT.—PRACTICE.—The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, but may be presented in the Supreme Court upon appeal.

BOUNTIES.—The Board of Commissioners of *Miami* county passed an order giving a bounty of $50 to all persons who should enter the military service to the credit of that county before *March* 5, 1864, and directed the county auditor to continue to issue certificates until the quota of the county was filled.

*Held*, that the benefits of the order did not extend to persons enlisting after *March* 5.

APPEAL from the *Miami* Circuit Court.

RAY, J.—The complaint filed by the appellee alleges that the appellant, on the 28th day of *December*, 1863, made an order offering a bounty of $50 to all persons who should enlist in the military service of the *United States* and be credited to *Miami* county, before the 1st day of *January*, 1864; that at a subsequent date said order was "extended to cover and include all persons who should volunteer before

the 1st day of *February*, 1864, and who shall be mustered into service and credited to *Miami* county, under the last call of the President of the *United States* for volunteers; provided that so soon as 196 men, the quota of *Miami* county, have enlisted, bounties shall not be given to any who may enlist thereafter;" that at a later date the provisions of said order were further extended to the 5th day of *March*, 1864, and it was ordered that the auditor of the county should continue to issue certificates until he was furnished with satisfactory evidence that the quota of *Miami* county had been issued to, but not longer. The appellee charges that by reason of said orders he was induced to enlist on the 10th day of *March*, 1864, and was duly mustered into the military service of the *United States* and credited to *Miami* county, and therefore is entitled to receive a certificate for $50.

A demurrer was filed to the complaint, which the court overruled. It is objected that the demurrer was not signed, and it is insisted that therefore the action of the court cannot be questioned. Whether the failure of the appellee to have the paper stricken from the files on motion, and his action in allowing the court to rule upon it without objection, was not a waiver of the defect, we need not decide, as the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, but may be presented in this court upon appeal.

The final order of the board extended the benefits of the bounty to all who were duly enlisted and credited to *Miami* county before the 5th day of *March*, 1864, and directed the auditor of the county to continue to issue certificates until the quota was filled, but not longer. This direction to the auditor might prove a modification or limitation of the order, provided the quota was filled before the 5th of *March*, but under no circumstances could it be held to authorize him to issue certificates to persons who might enlist after the date limited in the order itself.

VOL. XXVI.—4.

There was no legal obligation upon the county to pay a bounty to persons who enlisted. It was a voluntary act in aid of the government to offer the bounty, and those only could claim the benefits of the order who had complied with the conditions it imposed.

The enlistment in the service of the *United States* upon the 10th day of *March* did not entitle the appellee to the bounty offered to those who volunteered before the 5th day of *March.* The services he subsequently rendered, if a faithful soldier, while they secure to him the gratitude of his country, cannot justify the court in sustaining this claim upon the county of *Miami.* The facts proved upon the trial do not go beyond the averments of the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*N. O. Ross,* for appellant.

*O. Blake* and *A. Blake,* for appellee.